1

2

3

4

5

6                  UNITED STATES DISTRICT COURT

7                NORTHERN DISTRICT OF CALIFORNIA

8

UNITED STATES,,                          Nos. C 06-4437 MHP
9                                               CR 96-0094 MHP
            Plaintiff,
10                                          **ORDER**

     v.                                   **Re:** Petition for a Writ of Habeas Corpus
11

NGHIA THANH NGUYEN,
12           Defendant.
   _____/
13

14         Nghia Thanh Nguyen, currently an inmate in the Federal Correctional Institution in

15   Eden, Texas, has filed a petition for a writ of habeas corpus under 28 U.S.C. section 2255.

16   Petitioner was convicted and sentenced pursuant to a plea agreement in which he pled guilty to one

17   count of a superseding indictment in this action and two counts were dismissed.  On April 25, 2001,

18   he was sentenced to a term of ninety (90) months to be served concurrently with a sentence

19   previously imposed by the Superior Court of California.  A term of supervised release of thirty-six

20   (36) months was imposed to be served upon his release from imprisonment.

21         Petitioner seeks to have his sentence vacated or set aside because he claims his plea

22   agreement was breached when he was returned to state custody rather than retained in federal

23   custody.  Petitioner misunderstands his plea agreement.  The plea agreement contained no such

24   provision.  Rather the agreement provided only that the federal sentence would be imposed

25   "concurrent with the state sentence I am presently serving and with credit for time served from

26   November 11, 1995." Plea Agmt. Filed 1/10/01 at ¶10.

27         At the request of petitioner's counsel this court ordered that he remain in federal custody to

28   complete his federal sentence.   Order filed 4/27/2001, Dkt.#1464.  However, the Bureau of Prisons

**United States District Court**
For the Northern District of California

could not comply with that order because petitioner was before this court on a writ of *habeas corpus ad prosecundum* from the State of California and had to be returned to its jurisdiction.  While this may have been a failure to comply with the court's order and its intentions, it was not a breach of the plea agreement because no such promise or representation is contained in the plea agreement.[1]

The court notes that petitioner certainly got better than he bargained for which was a 13-year sentence on the count in this action.  At the same time that he entered a plea to this action petitioner also pled guilty to a count in CR-00-0031 MHP, which charged a violation of 18 U.S.C. section 924(c).  That count required a five (5) year consecutive sentence.  The plea agreement covered both of these cases and petitioner agreed in that agreement to a consecutive term of five years for a total sentence of 18 years.  However, at the time of sentencing this court recalculated the guidelines applicable to petitioner and sentenced him on this action to a term of ninety (90) months with a consecutive term of five (5) years on the second case.

The court also notes that petitioner was ably represented by a very experienced criminal defense lawyer as shown by the results that counsel argued for and received in the reduction of the proposed sentence.

As explained above, there was no promise of the nature petitioner claims was breached.  The plea agreement is silent on the subject of where petitioner would serve his sentence.  It was only agreed that it would be concurrent.  The most he could hope for in that respect was that the court would recommend that he remain in federal custody to serve his sentence.  The court and the prosecutor acted favorably to petitioner.  However, the State authorities and the Bureau of Prisons could not comply.  Despite the failure to comply with the court's order, there was no breach of the plea agreement.  Therefore, the petition for a writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Date: February 2, 2011

_____
MARILYN HALL PATEL
United States District Court Judge

**United States District Court**
For the Northern District of California

## <u>ENDNOTES</u>

1.  In fact, the court understands that petitioner is now serving the remainder of his sentence at a federal facility and is due to be released in a few months.